# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**BANCO POPULAR DE PUERTO RICO**

**Plaintiff,**

**v.**  CIVIL NO. 17-2183 (GAG)

**ROBERTO PÉREZ RAMÍREZ, et al.,**

**Defendants.**

## OPINION AND ORDER

Plaintiff Banco Popular de Puerto Rico sued in state court initiating foreclosure proceedings against Roberto Pérez Ramírez, Clarivette Castro Narvaez, and the Conjugal Partnership constituted between them in state court on August 4, 2015. (Docket No. 17-1). Defendants were served on September 21, 2015. (Docket No. 17 at 2). The state court entered judgment in favor of Plaintiff, Defendants appealed, and while the appeal was pending before the state court of appeals, Defendants filed a motion for stay. On August 9, 2017, the state court denied the motion for stay, and on September 5, 2017, Defendants removed this case to this Court. (Docket No. 7-1). In response, Plaintiff filed a motion to remand. (Docket No. 17). Because Plaintiff's action does not raise a federal question of law, and even if it did, Defendants failed to file the notice of removal within thirty days of service, Plaintiff's motion to remand is **GRANTED** and the case is **REMANDED** to state court.

**I.  Discussion**

To remove a case from state court to federal court, the defendant must file a notice of removal, including the basis for federal court's subject matter jurisdiction—normally either by way

**Civil No. 17-2183 (GAG)**

of diversity or federal question jurisdiction—within thirty days of receipt of a copy of the initial pleadings. See 28 U.S.C. §§ 1441(a), 1446(b); City of Chicago v. Int'l Coll. Of Surgeons, 522 U.S. 156, 163 (1997). If the case is not initially removable, notice of removal may also be filed thirty days after a defendant receives notice that the case is one which may be removed. See 28 U.S.C. § 1446(b)(3). This exception, however, only allows "removal later in the case if it was not removable as originally filed, but *becomes removable* due to an amendment or for other reasons . . . . If the case was removable originally, and the defendant failed to remove it within thirty days, [the defendant] has lost the option of federal court." JOSEPH W. GLANNON, THE GLANNON GUIDE TO CIVIL PROCEDURE 53 (2003) (emphasis in original).

Defendants assert that the Court's subject matter jurisdiction stems from a federal question at the heart of the suit. (Docket No. 7-1 at 1-2). Specifically, Defendants contend that Plaintiff failed to comply with the Truth in Lending Act (TILA), the Real Estate Settlement Procedures Act (RESPA), the Home Mortgage Disclosure Act (HDMA), and the Home Ownership and Equity Protection Act (HOEPA), among others. Id at 2. Furthermore, they assert that the case became removable when the state court denied their motion for stay on August 9, 2017—not when they were served in 2015. Id. at 3.

A. Subject Matter Jurisdiction

Four score and sixteen years ago, the Supreme Court brought forth the proposition[1] that "where it appears from the [complaint] that the right to relief depends upon the construction or application of the Constitution or laws of the United States, and that such federal claim is not merely colorable, and rests upon a reasonable foundation, the District Court has jurisdiction under this

---

[1] See Abraham Lincoln, GETTYSBURG ADDRESS (1863) ("Four score and seven years ago our fathers brought forth, upon this continent, a new nation, conceived in Liberty, and dedicated to the proposition that all men are created equal.").

provision. Smith v. Kansas City Title & Tr. Co., 255 U.S. 180, 199 (1921). Simplified, "[a] federal question exists when the action is one 'arising under the Constitution, laws, or treaties of the United States.'" López-Muñoz v. Triple-S Salud, Inc., 754 F.3d 1, 4 (1st Cir. 2014) (citations omitted). The federal question must be stated "on the face of the plaintiff's well-pleaded complaint." Id. (citing R.I. Fishermen's All., Inc. v. R.I. Dep't of Envtl. Mgmt., 585 F.3d 42, 48 (1st Cir. 2009)). Thus, "the court is to look *only* to *plaintiff's complaint* to find the answer." Rosselló-González v. Calderón-Serra, 398 F.3d 1, 10 (1st Cir. 2004) (quoting Hernández-Agosto v. Romero-Barceló, 748 F.2d 1, 2 (1st Cir. 1984)). The Court cannot look at a defense that raises a federal question, for it is "inadequate to confer federal jurisdiction." Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 808 (1986).

Nevertheless, there are exceptions to the principle that the plaintiff is the master of its claim. The Supreme Court has held that "a case may arise under federal law 'where the vindication of a right under state law *necessarily* turned on some construction of federal law.'" Id. However, "this statement must be read with caution." Id. at 809, 814 (providing a four factor analysis and holding that "the presence of a federal issue as an element of a state tort is not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system."). The First Circuit has further explained that "cases sometimes arise under federal law when an interpretation of federal law is outcome-determinative." PCS 2000 LP. V. Romulus telecommunications, Inc., 148 F.3d 32, 35 (1st Cir. 1998) (citing Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 199 (1921)) (finding it "too tenuous" to confer federal-question jurisdiction when "Communications Act confers no private right of action and plaintiff's complaint only advances non-federal claim"). In these cases, a court may "peer beneath the local-law veneer of a plaintiff's complaint in order to glean the true nature of the claims presented." López-Muñoz, 754 F.3d at 5. "When such a glimpse reveals that a

federal statute entirely displaces the local-law causes of action pleaded in the complaint, a hidden core of federal law sufficient to support federal jurisdiction emerges." Id. This is "a narrow exception" that hinges on whether Congress "intended that federal law provide the exclusive cause of action for the claims asserted by the plaintiff." Id. (citing Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003)).

Here, Plaintiff did not state a federal question in its complaint, much less a federal issue. Unlike in Merrell Dow, where the plaintiff cited violation of a federal statute as proof of negligence in a state action, here Plaintiff alleges no violations of federal law. Although Defendants allege in their notice of removal that Plaintiff violated federal laws related to foreclosure actions, this is "inadequate to confer federal jurisdiction." Merrell Dow, 478 U.S. at 808. The Court must only consider the causes of action in Plaintiff's complaint. Furthermore, the "narrow exception" to the well-plead complaint standard does not apply here. The local-law causes of action here do not contain "a hidden core of federal law." These are simply part of a standard collection of moneys and foreclosure proceeding. The statutes cited by Defendants do not intend that federal law provide the exclusive cause of action in foreclosure claims. Rightly so; giving federal courts jurisdiction over every foreclosure action would betray common sense. Federal courts have limited jurisdiction. See id. ("We hasten to add that we embark on this inquiry cognizant that federal courts are courts of limited jurisdiction and, thus, removal statutes are to be narrowly construed."). They would drown in foreclosure actions if they had federal question jurisdiction over matters so local. In Merrell Dow, the Supreme Court held that "the presence of a federal issue as an element of a state tort [was] not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system." Merrell Dow, 478 U.S. at 814. If it this was true in Merrell Dow, where a federal issue was an element of a state cause of action, it is truer here where there are no federal issues whatsoever.

B. <u>The Thirty-Day Requirement</u>

A defendant may remove a state action within thirty days of being served with a copy of the plaintiff's pleading, or within thirty days of ascertaining that the case has become removable because of an amended pleading, motion, or order. <u>See</u> U.S.C. §1446(b). The latter thirty-day requirement "is available only when 'it may be *first* ascertained that the case is one which is or has become removable.'" Charles A. Wright, et. al., <u>14C Fed. Prac. & Proc. Juris</u>. § 3731 at 6 (Westlaw 4th ed. 2017).

Defendants allege that it became "ascertainable" that the case was removable when the state court denied their motion for stay in August 2017. (Docket No. 7-1 at 3). First, if what Defendants assert is true and there was a federal question present, the case would have been removable at the outset of the litigation in 2015. Defendants would have had to remove the case within thirty days of being served on September 21, 2015, and they failed to do so. Moreover, even if the state court's denial of Defendants' motion for stay in August 2017 somehow raised a novel federal question, the case would *still* not be removable because it was already removable at the start of litigation. Second, Defendants do not explain why the case became removable for the first time when the state court denied their motion for stay in August. The undersigned is not a mind reader.

C. <u>Attorney's Fees and Costs</u>

Plaintiff asks the Court to award it costs, expenses, and attorney's fees under 28 U.S.C. §1447(c), and to consider imposing Rule 11 sanctions. (Docket No. 17 at 9-10). The removal statute provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.A. § 1447. Additionally, the Court may require "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case

Civil No. 17-2183 (GAG)

unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C.A. § 1927.

On a similar vein, Rule 11(b) imposes on attorneys the responsibility of "assur[ing] that all pleadings, motions and papers filed with the court are factually well-grounded, legally tenable and not interposed for any improper purpose." Mariani v. Doctors Associates, Inc., 983 F.2d 5, 7 (1st Cir. 1993) (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990)). "The purpose of Rule 11 is to deter dilatory and abusive tactics in litigation and to streamline the litigation process by lessening frivolous claims or defenses." Cruz v. Savage, 896 F.2d 626, 630 (1st Cir. 1990). "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." FED. R. CIV. P. 11(c). Here, Plaintiff included its request in the motion to remand, not a separate motion as required. Nevertheless, the Court "may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Id.

Plaintiff sustains that "Co-Defendants are represented by three attorneys who have decided, in what it seems like a standard operating tactic and underpinning, to remove state court collection and foreclosure cases in order to delay foreclosure in state court proceedings." (Docket No. 17 at 8). Indeed, in an almost identical case involving Defendants' counsel, this Court held that they "appear to have removed the suit as a last-gasp effort to stay the public auction of the foreclosed property . . . meaning the removal was vexatious and improperly motivated." WM Capital Partners, 53 LLC v. San Juan Properties, Inc., No. 17-02086, 2017 WL 3730848, at *2 (D.P.R. Aug. 29, 2017). The facts of this case are similar. According to Plaintiff, Defendants lost the foreclosure case in state court. On the day of the judicial sale, they filed a motion to dismiss in state court, which the state court denied. (Docket No. 17 at 2). After the judicial sale, they filed an appeal challenging the

**Civil No. 17-2183 (GAG)**

state court's order confirming the judicial sale. Id. at 3. Then they filed a motion for stay, which was also denied, and then they removed this action without merit. . In their notice of removal and opposition to remand, they advanced no clear argument as to why the state court order denying the motion for stay allowed them to ascertain that the case became removable. This procedural history strongly insinuates an attempt to delay an unavoidable outcome through legal shenanigans. Accordingly, the Court orders Defendants to reimburse Plaintiff for attorneys' fees and costs related to this removal under section 1447(c) and section 1927. Plaintiff shall file a statement of costs and fees on or before December 6, 2017. Defendants will have until December 20, 2017 to respond. Moreover, by December 1, 2017, Defendants must show cause as to why the aforementioned conduct has not violated Rule 11(b) and why sanctions under Rule 11 and section 1927 should not be imposed. These deadlines will not be extended.

**II.     Conclusion**

For the reasons set forth above, Plaintiff's motion to remand at Docket No. 17 is **GRANTED**. The case is hereby **REMANDED** to state court. The Clerk of Court shall immediately notify the state court of the remand order.

**SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of November, 2017.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge